IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH R. BUZINSKI** | ) | FILED: JULY 12, 2008 |
| | ) | 08CV3966 |
| **Plaintiff,** | ) | JUDGE NORDBERG |
| | ) | MAGISTRATE JUDGE KEYS |
| v. | ) | No.: YM |
| | ) | |
| **AMERICAN AIRLINES, INC.** | ) | Judge: |
| | ) | |
| **Defendant.** | ) | Trial by Jury Demanded |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOSEPH R. BUZINSKI, by and through his attorney, James T. Foley and the FOLEY LAW GROUP, LLC., and complaining of the Defendant, AMERICAN AIRLINES, INC., (hereinafter AA), states as follows:

## PARTIES

1. The Plaintiff, Joseph R. Buzinski, is and was on November 20, 2007, and at all pertinent times, a resident of the City of Chicago, County of Cook and State of Illinois.

2. Defendant, AA is a Delaware Corporation. It is a resident and citizen of the State of Texas, and its principle place of business is Dallas/Ft. Worth, Texas

3. Defendant, AA is a Corporation operating as a commercial airline, engaged in the transportation of passengers and freight throughout the United States of America and certain Foreign Nations.

4. Plaintiff, Joseph R. Buzinski was employed by Defendant AA from September 19, 2000 until his termination November 20, 2006 as a Fleet Service Clerk at Defendant's O'Hare Airport facility.

1

## JURISDICTION

5.     Jurisdiction of this court is invoked under the provisions of Title 28, U.S.C. Section 1332 (a) (1).

6.     The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## FACTS

7.     Plaintiff, Joseph R. Buzinski began his employment with Defendant AA on September 19, 2000 as a Fleet Service Clerk based at O'Hare Airport in Chicago, Illinois and he remained in that position until he was terminated by Defendant AA on November 20, 2007.

8.     From September 19, 2000 until the date of his termination by AA, Plaintiff performed his duties as a Fleet Service Clerk in a proficient and skilled manner.

9.     Prior to November 20, 2007, Plaintiff was evaluated on a regular basis by his employer, his supervisors and management personnel, and received satisfactory evaluations during his employment with Defendant AA.

10.     On October 21, 2007 while performing his duties as a Fleet Service Clerk, within the scope of his employment with Defendant, AA, Plaintiff sustained an injury to his right shoulder and arm.

11.     Subsequent to injuring his right shoulder and arm on October 21, 2007, Plaintiff exercised his rights under the Illinois Workers Compensation Act by seeking medical treatment at the Resurrection Immediate Care Center, 4849 West Fullerton in Chicago Illinois on October 22, 2007.  Additionally, Plaintiff further exercised his rights under the Illinois Workers Compensation Act by seeking treatment from his personal

physician, Dr. Richa Varma of 2433 North Harlem, Chicago, Illinois. On the day following his injury, October 22, 2007 and at his subsequent examinations by his personal physician, Plaintiff was placed on physical restrictions by both Resurrection Immediate Care Center and his personal physician that did not allow him to return to his position of Fleet Service Clerk.

12. Pursuant to Defendant AA's policies and procedures, on October 21, 2007, Plaintiff further exercised his rights under the Illinois Workers Compensation Act by reporting his injury to his employer, Defendant AA, through his supervisor Dianna Shirley, and completing an "American Airlines Accident Notification Report".

13. Subsequent to his injury of October 21. 2007, and again, in exercising his rights under the Illinois Workers Compensation Act, Plaintiff reported his injury and filed a Workers Compensation Claim with Defendant AA's Third Party Administrator Specialty Risk Services (SRS) and its employee, Claims Rep Vicki Martin. SRS is and was the entity responsible for Defendant AA's Workers Compensation Act Claims. On the same date, October 22, 2007 that he reported his injury and filed a claim with SRS. Plaintiff also notified Defendant AA's Injury Manager, Leslie Crowe of his injury and his desire to file a Workers Compensation Claim, and Ms. Crowe directed Plaintiff to contact and report the injury to SRS, the Defendant's Third Party Administrator responsible for the handling of Defendant AA's Workers Compensation Act Claims.

14. On November 20, 2007, while still undergoing active treatment for the injuries he sustained to his right shoulder and arm, and while he was still off work from Defendant AA as a result of the injuries sustained on October 21, 2007, an internal investigation was conducted by Defendant AA by its supervisory employee Dianna

3

Shirley. Following the internal investigation conducted November 20, 2007 a "Final Advisory" was issued and Plaintiff Joseph R. Buzinski's employment with Defendant AA was terminated.

15. Prior to his termination of November 20, 2007 by Defendant AA, Plaintiff has retained counsel to represent him in his claim for benefits under the Illinois Workers Compensation Act. Additionally, in furtherance of Plaintiff's exercise of his rights under the Illinois Workers Compensation Act, Plaintiff's retained attorney filed a formal claim for benefits with the Illinois Industrial Commission, pursuant to the Illinois Workers Compensation Act.

16. In Defendant AA's "Final Advisory", Defendant alleged the Plaintiff was terminated on November 20. 2007 for violation of AA Rule number 16, "Misrepresentation of facts or falsification of records is prohibited"; and, AA Rule number 34, Dishonesty, including theft. In fact, these allegations by Defendant AA were instead a pretext for terminating Plaintiff's employment with Defendant AA in retaliation for pursuing his rights under the Illinois Workers Compensation Act, in violation of the Illinois Workers Compensation Act, (820 ILCS 305/1, et seq.).

17. The said termination of Plaintiff was directed by the Defendant, its management and agents, acting in concert in retaliation for the Plaintiff's protected activities involving the pursuant of his rights under the Illinois Workers Compensation Act.

18. At all times mentioned herein, the Plaintiff's activities, in pursuant of his rights under the Act, were protected by the Public Policy of the State of Illinois and his

4

termination, in retaliation for his pursuit of his rights under the Act was in violation of said Illinois Public Policy.

19. Therefore said termination was intentionally done, with a deliberate and reckless disregard for the Plaintiff's rights under the Illinois Common Law and the Illinois Workers Compensation Act, (820 ILCS 305/1, et.seq.).

20. As a proximate result of his termination, Plaintiff Joseph R. Buzinski has suffered past and future pecuniary losses in the form of wages, health benefits, retirement benefits, travel benefits and other fringe benefits. In addition, the loss of enjoyment of life, emotional pain, suffering and anguish, inconvenience, humiliation and the loss of self respect.

WHEREFORE, the Plaintiff, Joseph R. Buzinski demands judgment against the Defendant American Airlines Inc., for compensatory damages in an amount in excess of $100,000.00 and punitive damages in an amount to be determined by the Jury at the Trial of this matter, but not less than $1,000,000.00 excluding interest and costs, and therefore brings this suit.

Respectfully submitted,

Joseph R. Buzinski


BY: s/ James T. Foley
      Attorney for Plaintiff

James T. Foley
FOLEY LAW GROUP, LLC.
580 Oakmont Lane
Westmont, Illinois 60559
(630) 908-3508
(630) 908-3509 fax
jfoley@foleylawgroup.com