IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH R. BUZINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 3966 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| AMERICAN AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

In this diversity action, Joseph R. Buzinski sues his former employer American Airlines, Inc. for retaliatory discharge under Illinois state law. He claims American Airlines fired him because he filed a workers' compensation claim. American Airlines moves for summary judgment. For the reasons set forth below, the motion is granted.

### BACKGROUND

**I.      Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. The movant must submit a statement of material facts, not to exceed 80 short numbered paragraphs; each paragraph must reference affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(a)(3). The opposing party must respond to each numbered paragraph in the movant's statement including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(b)(3). Failure to comply with this rule results in admission of the facts. Local Rule 56.1(b)(3)(C); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625,

632 (7th Cir. 2009). The opposing party may also submit a statement of supplemental material facts, not to exceed 40 short numbered paragraphs, that require summary judgment denial. Local Rule 56.1(b)(3)(C).

Rule 56.1 requires *short* paragraphs (one or two individual allegations) and *references* to evidence. *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (Castillo, J.). In violation of the rule, the parties paste large chunks of deposition testimony and exhibit text into their statements. *See, e.g.*, Def. Rule 56.1(a)(3) Statement, Dkt. 37, ¶¶ 9-11, 52, 56; Pl. Rule 56.1(b)(3)(C) Statement, Dkt. 50-4, ¶¶ 34-35, 37-40.

Rule 56.1(b)(3) requires more than a general denial to rebut a movant's factual allegations; the movant must cite evidentiary materials justifying the denial. *Malec*, 191 F.R.D. at 584. Buzinski repeatedly responds to American Airlines' statement of facts by disputing all or part of the statement, but relying on nonresponsive evidence and improper factual characterizations. *See, e.g.*, Pl. Rule 56.1(b)(3) Resp., Dkt. 50-3, ¶¶ 28-29, 36-37, 41, 55, 78. It should be noted that after Buzinski received a final extension to respond to American Airlines' summary judgment motion (Dkt. 44), he filed Rule 56.1 statements without copies of the referenced evidence. Dkts. 46-47. He was granted leave to remedy the deficiency. Dkt. 55. Yet his Rule 56.1 materials are still deficient. The court considers the parties' submissions only to the extent they comply with Rule 56.1's requirements.

## II. Background

Buzinski was a fueler for American Airlines. Def. Facts ¶ 2. On October 21, 2007, he injured his shoulder at work. *Id.* ¶ 23. He reported the injury to his manager Dianna Shirley. *Id.* ¶ 24. She completed an accident form, and telephoned Buzinski at home to schedule an in-

2

person "board of inquiry" hearing, which is a fact-finding session to determine an injury's cause. *Id.* ¶¶ 25, 28. Buzinski told Shirley that he could not come to the airport for the board of inquiry because his doctor had restricted him from driving, and had instructed him not to take public transportation due to the possibility of reinjuring his shoulder. *Id.* ¶ 29.

On November 7, 2007, Shirley and Buzinski's union steward held a telephonic board of inquiry hearing with Buzinski. Buzinski acknowledged that the hearing was being conducted telephonically because his doctor had restricted him from driving. *Id.* ¶¶ 35-37. American Airlines investigated Buzinski's activities, and surveilled him driving a car on November 6 and 8, 2007. *Id.* ¶ 41. Following a November 20, 2007 investigatory meeting pursuant to Buzinski's collective bargaining agreement, Buzinski was terminated for violating American Airlines' rules against dishonesty. *Id.* ¶¶ 55-56. On December 19, 2007, Buzinski filed a claim with the Illinois Workers' Compensation Commission. *Id.* ¶ 78.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (citing *Celotex Corp.*, 477 U.S. at 323). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P.

3

56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Expert Disclosure

American Airlines moves to strike the expert disclosure of Ronald Missun, and to preclude his testimony at trial. Fed. R. Civ. P. 26(a)(2), 37(c)(1). Rule 26(a)(2) requires a party to disclose, by a court-ordered date, the identify of an expert witness, and provide a written report from a retained expert witness. The report must include a complete statement of all opinions the expert will provide, and the basis and reasons for them; the data considered in forming the opinions; summary or supporting exhibits; and the compensation the expert will be paid for his work and testimony. Fed. R. Civ. P. 26(a)(2)(B), (C); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008).

The purpose of Rule 26(a)(2) is to allow the parties to prepare their cases adequately and efficiently, and to prevent undue surprise. *Ciomber*, 527 F.3d at 642-43. Failure to comply with Rule 26(a)(2)'s requirements precludes introduction of the expert witness' testimony as evidence on a motion, at a hearing, or at trial. Fed. R. Civ. P. 37(c)(1); *Ciomber*, 527 F.3d at 641. This sanction is automatic and mandatory unless the offending party establishes the violation was justified or harmless. *Ciomber*, 527 F.3d at 641.

Buzinski's Rule 26(a)(2) disclosures were due February 12, 2009. Dkt. 12. He timely served his disclosures, and identified Ronald Missun, Ph.D, Vocational Economics, Inc. as a

4

retained expert witness. Def. Mtn. To Strike, Ex. C: Pl. Rule 26(a)(2) Disclosures. But Buzinski did not provide a report from Missun, and did not disclose the basis for any opinion, underlying data or exhibits, or Missun's compensation. Buzinski stated Missun "will provide" a report regarding Buzinski's wage loss, calculated to present cash value. *Id.* at 1.

Buzinski argues Missun could not provide a report by February 12, 2009 because American Airlines' document production was ongoing, and depositions were incomplete. Buzinski contends American Airlines prevented a timely report because it denied coverage for his shoulder surgery – a denial he successfully contested before the Illinois Workers' Compensation Commission. The surgery could impact his ability to return to work and, in turn, Missun's opinion.

Buzinski failed to move to extend the Rule 26(a)(2) disclosure deadline. He does not identify information from the ongoing discovery that Missun needed to prepare his report. He provides no evidentiary support for any impact the surgery could have on Missun's opinion. Buzinski does not dispute he *still* has not produced a report from Missun. Instead, he states "[i]t may very well be necessary to extend discovery for a period of 180 days to fully determine Plaintiff's ability to return to work . . . ." Pl. Resp. at 5. Discovery closed on April 8, 2009. Buzinski did not move to extend the discovery deadline; the unsupported need to assess the surgery's impact on Buzinski's employment capacity does not warrant a discovery extension. Buzinski does not justify his failure to produce Missun's expert report. He disclosed only that Missun would opine about his wage loss. American Airlines could not meaningfully depose Missun, or assess its need for a rebuttal witness. The expert disclosure of Ronald Missun is stricken.

5

## III. Retaliatory Discharge

American Airlines argues it fired Buzinski because he lied about his inability to drive to the board of inquiry hearing, not because he filed a workers' compensation claim. Federal courts apply the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting approach to retaliatory discharge claims. *See, e.g., Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 768 (7th Cir. 1994). Under the burden-shifting approach, in the absence of direct evidence, Buzinski may establish a *prima facie* case of retaliation by proving that he is a member of a protected class; his job performance met American Airlines' legitimate expectations; he suffered an adverse employment action; and a similarly situated employee outside of his protected class was treated more favorably. *Id.* If he demonstrates a *prima facie* case, the burden shifts to American Airlines to articulate a legitimate, nondiscriminatory reason for firing him. *Id.* If American Airlines satisfies this burden of production, he must establish there is a genuine issue of material fact as to whether American Airlines' reason is merely a pretext in order to survive summary judgment. *Id.*

But Buzinski's retaliatory discharge claim is based on Illinois law. Under the Illinois framework, he must show he was an American Airlines employee; he exercised his rights under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*; and his discharge was causally connected to filing a workers' compensation claim. *Clemons v. Mech. Devices Co.*, 704 N.E.2d 403, 406 (Ill. 1998). The Illinois Supreme Court rejected application of the burden-shifting approach to retaliatory discharge claims because it would expand the tort by eliminating the causation requirement. *Id.* at 407-08.

The Seventh Circuit has not resolved whether, under the *Erie* doctrine, a federal court exercising diversity jurisdiction over a retaliatory discharge claim under the Illinois Workers' Compensation Act should apply the Illinois framework or the burden-shifting approach. *McCoy v. Maytag Corp.*, 495 F.3d 515, 521 (7th Cir. 2007). *But see Dotson v. BRP U.S. Inc.*, 520 F.3d 703, 707 (7th Cir. 2008) (applying Illinois framework without discussion). American Airlines argues that under either analysis, Buzinski fails to establish a genuine issue of material fact that he was fired for filing a workers' compensation claim. He does not address which standard applies. He does not establish a *prima facie* case under *McDonnell Douglas* because he does not present evidence that a similarly situated employee outside his protected class was treated more favorably. And he couches his argument under the Illinois framework.

American Airlines concedes Buzinski was an employee. And it concedes he exercised his rights under the Illinois Workers' Compensation Act even though he was terminated before filing a claim; it presumes Buzinski's injury report creates an inference that he intended to file a workers' compensation claim.

The only dispute is the causal link between Buzinski's exercise of his workers' compensation rights and his termination. Buzinski must demonstrate that his termination was motivated by an unlawful intent to retaliate against him for exercising his rights. *Dotson*, 520 F.3d at 707; *Clemons*, 704 N.E.2d at 406. He does not meet the causation requirement if American Airlines establishes a valid, nonpretextual basis for discharging him. *Dotson*, 520 F.3d at 707; *Clemons*, 704 N.E.2d at 406.

American Airlines argues it fired Buzinski because he lied in violation of company rules. It is undisputed that Buzinski told Shirley that he could not come to the airport for the November

7

7, 2007 board of inquiry because his doctor had restricted him from driving and taking public transportation. It is undisputed that Buzinski nevertheless drove on November 6 and 8, 2007. He argues he was forced to drive on November 8, 2007 to his doctor's office because that morning, American Airlines' Injury Manager Leslie Crowe ordered him to return a physical capabilities analysis form from his doctor that afternoon. Pl. Facts ¶ 31. The reason he drove does not impact his untruthful statement that he could not drive.

Buzinski states his driving restrictions were "work restrictions;" he was not restricted from driving his personal car. This concession does not explain the reason he said he could not drive to the airport or take public transportation to attend the board of inquiry hearing. He admits that, contrary to what he told Shirley, his doctor did not restrict him from taking public transportation. Def. Facts ¶ 61.

Buzinski contends Crowe's label of him as "high risk" in American Airlines' first report system after his injury evidences pretext. Pl. Facts ¶ 16. Crowe testified she recorded Buzinski as "high risk" because his prior heart attack could impact his recovery. Pl. Ex. J: Crowe Dep. Trans. at 17-20. The designation does not establish retaliatory motive. *See Horton v. Miller Chemical Co.*, 776 F.2d 1351, 1352, 1356-57 (7th Cir. 1985) (reversing denial of Miller Chemical's motion for judgment notwithstanding the verdict in workers' compensation retaliatory discharge case despite evidence that Horton's manager told him he was a "bad risk"). Buzinski presents no evidence the designation impacted the decision to terminate him for dishonesty.

Buzinski argues he was terminated November 5, 2007, and the subsequent surveillance was a means to "trump up" a basis for the termination. He relies on an employee injury report

8

stating his status on November 5, 2007 was "Terminated/Resigned." Pl. Ex. J(14). He provides no foundation for the report. His complaint alleges he was terminated November 20, 2006. Compl. ¶¶ 4, 7, 15. This allegation constitutes a binding judicial admission, and withdraws the question of Buzinski's termination date from contention. *Taylor v. Monsanto Co.*, 150 F.3d 806, 809 (7th Cir. 1998).

Buzinski presents no genuine issue of material fact that the basis for his termination – violating American Airlines' rules against dishonesty – was pretextual. He does not establish the exercise of his workers' compensation rights caused his termination. American Airlines' argument that Buzinski fails to provide sufficient evidence to support his punitive damages claim need not be addressed.

## CONCLUSION

American Airlines' motion to strike the expert disclosure of Ronald Missun is granted. Buzinski failed to provide an expert report as required by Rule 26(a)(2). American Airlines' summary judgment motion is granted. Buzinski fails to establish a *prima facie* case of retaliation, or that his discharge was causally connected to exercising his right to workers' compensation benefits.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 5, 2009